## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| Mary Williams, Glenda Hill-Hall, Brianna Habedank, Leslie Howard and Vernette Gordon,<br><br>     Plaintiffs,<br><br>v.<br><br>Focus Receivables Management, LLC,<br><br>     Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE MICHIGAN OCCUPATIONAL CODE, THE TELEPHONE COMMUNICATIONS PROTECTION ACT, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Mary Williams ("Ms. Williams"), is a natural person who resided in Grand Blanc, Michigan, at all times relevant to this action.

2. Plaintiff, Glenda Hill-Hall ("Ms. Hill-Hall"), is a natural person who resided in Taylor, Michigan, at all times relevant to this action.

3. Plaintiff, Brianna Habedank ("Ms. Habedank"), is a natural person who resided in Mount Morris, Michigan, at all times relevant to this action.

4. Plaintiff, Leslie Howard ("Ms. Howard"), is a natural person who resided in Detroit, Michigan, at all times relevant to this action.

5. Plaintiff, Vernette Gordon ("Mr. Gorden"), is a natural person who resided in Allen Park, Michigan, at all times relevant to this action.

6. Defendant, Focus Receivables Management, LLC ("FRM" or "Defendant"), is a Georgia Limited Liability Company that maintained its principal place of business in Marietta, Georgia, at all times relevant to this action.

## JURISDICTION AND VENUE

7. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

8. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Michigan Occupational Code ("MOC"), Mich. Comp. Laws § 339.901, *et seq.*, because those claims share a common nucleus of operative facts with Plaintiffs' claims under the FDCPA. S*ee Litt v. Midland FRM, Inc.*, 2014 U.S. Dist. LEXIS 66658 (E.D. Mich. May 15, 2014) (in FDCPA case, supplemental jurisdiction exercised over claims under MOC).

9. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

## JOINDER

10. Rule 20 of the Federal Rules of Civil Procedure provides, in part:

    (a) PERSONS WHO MAY JOIN OR BE JOINED.

      (1) Plaintiffs. Persons may join in one action as plaintiffs if:

       (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

       (B) any question of law or fact common to all plaintiffs will arise in the action.

    *See* Fed. R. Civ. P. 20(a).

11. "Under the [Federal] Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mineworkers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 1138 (1966).

12. "Rule 20 should be viewed in light of the overarching policy of Rule 1 which requires that the rules 'be construed and administered to secure the ***just, speedy, and inexpensive*** determination of every action and proceeding.' Fed. R. Civ. P. 1 (emphasis added)." *Patrick Collins, Inc. v. Doe*, 282 F.R.D. 161, 166 (E.D. Mich. 2012).

13. "'The purpose of [Rule 20] is to promote trial convenience and expedite the determination of disputes, thereby preventing multiple lawsuits. Single trials generally tend to lessen the delay, expense and inconvenience to all

concerned.'" *Id.*; *quoting Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir.1974).

14. The rule "does not require that ***all*** questions of law and fact raised by the dispute be common, but only that ***some*** question of law or fact be common to all parties." *Mosley v. General Motors Corp.*, 497 F.2d at 1332 (emphases included).

15. "The term 'transaction' is flexible, and claims arise out of the same transaction or occurrence so long as they are logically related events entitling a person to legal relief." *Nucorp, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 187547, *12 (E.D. Mich. Oct 18, 2012); *citing Mosley,* 497 F.2d at 1333.

16. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary. *Mosley*, 497 F.2d at 1332.

17. Allegations of a company-wide policy that violates federal law have been held sufficient to establish that multiple plaintiffs' claims "arose out of the same series of transactions or occurrences." *See* Mosley, 497 F.2d at 1334.

18. In the FDCPA context, allegations by multiple plaintiffs that they were subjected to the same collection practices by a single debt collector support

joinder under Rule 20.  *See, e.g., Scott v. Fairbanks Capital Corp.*, 284 F.Supp. 2d 880, 888-89 (S.D. Ohio 2003).

19.   Joinder is particularly appropriate at the pre-trial stage of litigation where "the alleged acts occurred are quite similar for each [p]laintiff with the majority of each [p]laintiff's allegations occurring [during a limited time period]."  *See Nelson v. Chertoff*, 2008 U.S. Dist. LEXIS 82981, *16 (N.D. Ill. Sep. 10, 2008).

20.   In the TCPA context, calls received by multiple plaintiffs from the same debt collector using an autodialer support joinder under Rule 20.  *See, e.g., Blair v. CBE Group*, *Inc*., 2013 U.S. Dist. LEXIS 150996, *17-18 (S.D. Cal. Oct. 17, 2013); *Desai v. ADT Sec. Servs., Inc*., 2011 U.S. Dist. LEXIS 77457, *4-8 (N.D. Ill. July 18, 2011).

## ALLEGATIONS OF FACT COMMON TO ALL PLAINTIFFS

21.   At all times relevant to this action, FRM collected consumer debts.

22.   FRM regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

23.   The principal source of FRM's revenue is debt collection.

24.   FRM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25.   FRM is a "collection agency" as that term is defined in the MOC, Mich. Comp. Laws § 339.901(b).

26.  As described, *infra*, FRM contacted each Plaintiff to collect a debt that was incurred primarily for personal, family, or household purposes.

27.  Each alleged obligation FRM was seeking to collect is a "debt" as defined by 15 U.S.C. § 1692a(5).

28.  Each alleged obligation FRM was seeking to collect is a "debt" within the meaning of Mich. Comp. Laws § 339.901(a).

29.  Each Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

30.  Each Plaintiff is a "consumer" as defined by the Mich. Comp. Laws § 339.901(f) and is a person whom the MOC was intended to protect.

31.  Before FRM began contacting each Plaintiff, it and each Plaintiff had no prior business relationship and each Plaintiff never provided express consent to FRM to be contacted on her or her cellular telephone.

32.  Within the past twelve (12) months, FRM called each Plaintiff on multiple occasions in connection with the collection of a debt.

33.  On several occasions, within the past forty-eight (48) months, the dates of which will be discovered through discovery, FRM willingly and knowingly used an automatic telephone dialing system (ATDS) to call each Plaintiff on her or her cellular phone multiple times in violation of the TCPA.

34.  FRM used a predictive dialer system to call each Plaintiff.

35. Each Plaintiff, on at least one occasion, communicated her or her desire that FRM cease calling him or her.

36. Notwithstanding these communications, FRM continued to call each Plaintiff in connection with the collection of a debt.

## **LEGAL ARGUMENTS COMMON TO ALL PLAINTIFFS**

37. Section 1692d of the FDCPA provides, in part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

*See* 15 U.S.C. §1692d.

38. Where a consumer has communicated her or her desire that a debt collector stop calling, and the debt collector nevertheless continues to call the consumer, the volume and pattern of the calls may evidence intent to harass in violation of Section 1692d. *See Majeski v. I.C. Sys., Inc.*, 2010 U.S. Dist. LEXIS 1830, *5-7 (N.D. Ill. Jan. 8, 2010).

39. Section 1692f of the FDCPA provides, in part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

*See* 15 U.S.C. §1692f.

40. Where a question exists as to whether a debt collector's alleged misconduct violates Section 1692f or some other section of the FDCPA, the prudent course at the pre-trial stage is to allow the consumer to pursue claims under

both sections. *See Davis v. Diversified Consultants, Inc.*, 2014 U.S. Dist.

LEXIS 87867, *25 (D. Mass. June 27, 2014); *citing Rush v. Portfolio*

*Recovery Associates, LLC*, 977 F. Supp. 2d 414, 432 (D.N.J. 2013).

41.    The TCPA provides, in part:

> (b) RESTRICTIONS ON THE USE OF AUTOMATED
>      TELEPHONE EQUIPMENT.—
>
> > (1) PROHIBITIONS.—It shall be unlawful for any person within
> >     the United States, or any person outside the United States if
> >     the recipient is within the United States—
> >
> > > (A) to make any call (other than a call made for emergency
> > >     purposes or made with the prior express consent of the
> > >     called party) using any automatic telephone dialing
> > >     system or an artificial or prerecorded voice—
> > >
> > > * * *
> > >
> > > > (iii) to any telephone number assigned to a paging
> > > >     service, cellular telephone service, specialized
> > > >     mobile radio service, or other radio common carrier
> > > >     service, or any service for which the called party is
> > > >     charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

42.    The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers

to the person or entity subscribing to the called number at the time the

telephone call is made. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d

1242, 1251-52 (11th Cir. 2014); *Soppet v. Enhanced Recovery Co., LLC*, 679

F.3d 637, 643 (7th Cir. 2012); *Zyboro v. NCSPlus, Inc.*, 44 F. Supp. 3d 500,

504 (S.D.N.Y. 2014); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-41, ¶ 73.

43. Any consent that may have been previously given as to a called telephone number lapses when that number is reassigned. *Soppet*, 699 F.3d at 641; *Sterling v. Mercantile Adjustment Bureau, LLC*, 2013 U.S. Dist. LEXIS 186432, *6-7 (W.D.N.Y. Nov. 22, 2013).

44. A caller that places calls to a reassigned telephone number without the express consent of the called party is deemed to have "constructive knowledge" of the reassignment after one phone call has been placed to that reassigned number. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 40, ¶ 72

45. The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

46. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act,

irrespective of any intent to violate any provision[], rule or regulation...."  47 U.S.C. § 312(f).

47.    In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute.  *See Roylance v. ALG Real Est. Servs., Inc.* 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015) *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

48.    Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA.  *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; *see also Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

## ADDITIONAL FACTORS SUPPORTING JOINDER

49.    The witness(es) that FRM will produce in response to a notice of deposition pursuant to Rule 30(b)(6) will likely be the same individual(s) for each Plaintiff.

50.   The information that FRM will provide in response to interrogatories related to FRM's policies, practices, and procedures will likely be the same, or substantially similar, for each Plaintiff.

51.   The evidence that FRM will produce in response to requests for production of documents related to Defendant's policies, practices and procedures will likely be the same, or substantially similar, for each Plaintiff.

52.   Joinder will allow a single trier of fact to assess the pattern and frequency of FRM's alleged misconduct, which is a relevant factor in the legal issues and damages in this case.

53.   Joinder avoids the need to conduct multiple trials and empanel multiple juries to resolve fairly straightforward claims that Defendant violated the FDCPA and TCPA.

## INDIVIDUAL COUNTS AS TO EACH PLAINTIFF

### *COUNT ONE – Mary Williams*

### **Violation of the Fair Debt Collection Practices Act**

54.   In or around September of 2014, FRM began calling Ms. Williams on her cellular phone in an attempt to collect a debt.

55.   Shortly thereafter, Ms. Williams advised FRM that she did not have the funds to pay the debt FRM was collecting and communicated her desire that FRM cease calling her.

56. Despite this communication, FRM continued to call Ms. Williams on Ms. Williams's cellular phone.

57. On more than one occasion, Ms. Williams advised FRM that she was unable to pay the debt and communicated her desire that FRM cease calling her.

58. Nevertheless, FRM continued to call Ms. Williams on her cellular phone in connection with the collection of a debt within the past twelve (12) months.

59. FRM caused Ms. Williams emotional distress.

60. FRM violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Ms. Williams in connection with the collection of the debt.

61. FRM violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

*COUNT TWO – Mary Williams*

**Violation of the Michigan Occupational Code**

62. Ms. Williams re-alleges and incorporates by reference Paragraphs 54 through 59 above as if fully set forth herein.

63. FRM willingly and knowingly violated Mich. Comp. Laws § 339.915(n) by using harassing, oppressive, or abusive methods to collect a debt.

64. FRM willingly and knowingly violated Mich. Comp. Laws § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

65. FRM's willful violations of the MOC entitle Ms. Williams to a civil penalty of not less than three (3) times the actual damages he sustained as a result of FRM's violations of the MOC.

*COUNT THREE – Mary Williams*

**Violation of the Telephone Communication Protection Act**

66. Ms. Williams re-alleges and incorporates by reference Paragraphs 54 through 59 above as if fully set forth herein.

67. Ms. Williams was the "called party" within the meaning of Section 227(b)(1)(A) of the TCPA.

68. FRM violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Williams cellular telephone using an ATDS without Ms. William's prior express consent or after such consent had been revoked.

69. FRM voluntarily placed telephone calls to Ms. William's cellular telephone using an ATDS.

70. FRM willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. William's cellular telephone

using an ATDS without Ms. William's prior express consent or after such consent had been revoked.

*COUNT FOUR – Glenda Hill-Hall*

**Violation of the Fair Debt Collection Practices Act**

71. In or around December of 2014, FRM began calling Mr. Hill-Hall on her cellular phone in an attempt to collect a debt.

72. During one of the initial conversations, Ms. Hill-Hall notified FRM that Ms. Hill-Hall was not the individual with whom FMR was looking to speak and communicated her desire that FRM cease calling her.

73. Despite this request, FRM continued to call Ms. Hill-Hall on Ms. Hill-Hall's cellular phone.

74. On more than one occasion, FRM telephoned Ms. Hill-Hall multiple times a day.

75. On more than one occasion, Ms. Hill-Hall notified FRM that Ms. Hill-Hall was not the individual with whom FRM was looking to speak and communicated her desire that FRM cease calling her.

76. Nevertheless, FRM continued to call Ms. Hill-Hall on her cellular phone in connection with the collection of a debt within the past twelve (12) months.

77. FRM caused Ms. Hill-Hall emotional distress.

- 14 -

78. FRM violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Ms. Hill-Hall in connection with the collection of the debt.

79. FRM violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

<u>*COUNT FIVE – Glenda Hill-Hall*</u>

**Violation of the Michigan Occupational Code**

80. Ms. Hill-Hall re-alleges and incorporates by reference Paragraphs 71 through 77 above as if fully set forth herein.

81. FRM willingly and knowingly violated Mich. Comp. Laws § 339.915(n) by using harassing, oppressive, or abusive methods to collect a debt.

82. FRM willingly and knowingly violated Mich. Comp. Laws § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

83. FRM's willful violations of the MOC entitle Ms. Hill-Hall to a civil penalty of not less than three (3) times the actual damages he sustained as a result of FRM's violations of the MOC.

## *COUNT SIX – Glenda Hill-Hall*

### Violation of the Telephone Communication Protection Act

84.  Ms. Hill-Hall re-alleges and incorporates by reference Paragraphs 71 through 77 above as if fully set forth herein.

85.  Ms. Hill-Hall was the "called party" within the meaning of Section 227(b)(1)(A) of the TCPA.

86.  FRM violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Hill-Hall's cellular telephone using an ATDS without Ms. Hill-Hall's prior express consent or after such consent had been revoked.

87.  FRM voluntarily placed telephone calls to Ms. Hill-Hall's cellular telephone using an ATDS.

88.  FRM willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Hill-Hall's cellular telephone using an ATDS without Ms. Hill-Hall's prior express consent or after such consent had been revoked.

<u>*COUNT SEVEN – Brianna Habedank*</u>

**Violation of the Fair Debt Collection Practices Act**

89.   Around the Fall of 2014, FRM began calling Ms. Habedank on her cellular phone in an attempt to collect a debt.

90.   Shortly thereafter, Ms. Williams spoke with FRM and communicated her desire that FRM cease calling her.

91.   Notwithstanding this communication, FRM continued to call Ms. Habedank on her cellular phone in connection with the collection of a debt.

92.   On more than one occasion, Ms. Habedank communicated her desire that FRM cease calling her.

93.   On at least one occasion, Ms. Habendank disputed that she owed the debt, explaining that her insurance should have covered it.

94.   Nevertheless, FRM continued to call Ms. Habedank on her cellular phone in connection with the collection of a debt within the past twelve (12) months.

95.   FRM caused Ms. Habedank emotional distress.

96.   FRM violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Ms. Habedank in connection with the collection of the debt.

97.   FRM violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

*COUNT EIGHT – Brianna Habedank*

**Violation of the Michigan Occupational Code**

98.  Ms. Habedank re-alleges and incorporates by reference Paragraphs 89 through 95 above as if fully set forth herein.

99.  FRM willingly and knowingly violated Mich. Comp. Laws § 339.915(n) by using harassing, oppressive, or abusive methods to collect a debt.

100.  FRM willingly and knowingly violated Mich. Comp. Laws § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

101.  FRM's willful violations of the MOC entitle Ms. Habedank to a civil penalty of not less than three (3) times the actual damages he sustained as a result of FRM's violations of the MOC.

*COUNT NINE – Brianna Habedank*

**Violation of the Telephone Communication Protection Act**

102.  Ms. Habedank re-alleges and incorporates by reference Paragraphs 89 through 95 above as if fully set forth herein.

103.  Ms. Habedank was the "called party" within the meaning of Section 227(b)(1)(A) of the TCPA.

104.  FRM violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Habedank's cellular telephone using an ATDS

- 18 -

without Ms. Habedank's prior express consent or after such consent had been revoked.

105. FRM voluntarily placed telephone calls to Ms. Habedank's cellular telephone using an ATDS.

106. FRM willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Habedank's cellular telephone using an ATDS without Ms. Habedank's prior express consent or after such consent had been revoked.

*COUNT TEN – Leslie Howard*

**Violation of the Fair Debt Collection Practices Act**

107. In or around November of 2014, FRM began calling Ms. Howard on her cellular phone in an attempt to collect a debt.

108. On at least one occasion, Ms. Howard communicated her desire that FRM cease calling her.

109. Notwithstanding this communication, FRM continued to call Ms. Habedank on her cellular phone in connection with the collection of a debt, sometimes multiple times a day.

110. On at least one occasion, in response to Leslie's request for FRM to cease calling, FRM told Leslie that FRM would continue to call Leslie.

111. FRM caused Ms. Howard emotional distress.

112. FRM violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Ms. Howard in connection with the collection of the debt.

113. FRM violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

<u>*COUNT ELEVEN – Leslie Howard*</u>

**Violation of the Michigan Occupational Code**

114. Ms. Howard re-alleges and incorporates by reference Paragraphs 107 through 111 above as if fully set forth herein.

115. FRM willingly and knowingly violated Mich. Comp. Laws § 339.915(n) by using harassing, oppressive, or abusive methods to collect a debt.

116. FRM willingly and knowingly violated Mich. Comp. Laws § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

117. FRM's willful violations of the MOC entitle Ms. Howard to a civil penalty of not less than three (3) times the actual damages he sustained as a result of FRM's violations of the MOC.

## *COUNT TWELVE – Leslie Howard*

### Violation of the Telephone Communication Protection Act

118. Ms. Howard re-alleges and incorporates by reference Paragraphs 107 through 111 above as if fully set forth herein.

119. Ms. Howard was the "called party" within the meaning of Section 227(b)(1)(A) of the TCPA.

120. FRM violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Howard's cellular telephone using an ATDS without Ms. Howard's prior express consent or after such consent had been revoked.

121. FRM voluntarily placed telephone calls to Ms. Howard's cellular telephone using an ATDS.

122. FRM willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Howard's cellular telephone using an ATDS without Ms. Howard's prior express consent or after such consent had been revoked.

## *COUNT THIRTEEN - Vernette Gordon*

### Violation of the Fair Debt Collection Practices Act

123. In or around April 2015, FRM began calling Ms. Gordon on her cellular phone in an attempt to collect a debt.

- 21 -

124. During one of the initial conversations, Ms. Gordon notified FRM that she was not the individual with whom FRM was looking to speak and communicated her desire that FRM cease calling her.

125. Despite this request, FRM continued to call Ms. Gordon on Ms. Gordon's cellular phone.

126. On more than one occasion, Ms. Gordon notified FRM that she was not the individual with whom FRM was looking to speak and communicated her desire that FRM cease calling her.

127. On more than one occasion, FRM told Ms. Gordon that FRM would report the call as a wrong number and cease calling her.

128. Nevertheless, FRM continued to call Ms. Habedank on her cellular phone in connection with the collection of a debt within the past twelve (12) months.

129. FRM caused Ms. Gordon emotional distress.

130. FRM violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Ms. Gordon in connection with the collection of the debt.

131. FRM violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

132. FRM violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## *COUNT FOURTEEN – Vernette Gordon*

### **Violation of the Michigan Occupational Code**

133. Ms. Gordon re-alleges and incorporates by reference Paragraphs 123 through 129 above as if fully set forth herein.

134. FRM willingly and knowingly violated Mich. Comp. Laws § 339.915(n) by using harassing, oppressive, or abusive methods to collect a debt.

135. FRM willingly and knowingly violated Mich. Comp. Laws § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

136. FRM's willful violations of the MOC entitle Ms. Gordon to a civil penalty of not less than three (3) times the actual damages he sustained as a result of FRM's violations of the MOC.

## *COUNT FIFTEEN – Vernette Gordon*

### **Violation of the Telephone Communication Protection Act**

137. Ms. Gordon re-alleges and incorporates by reference Paragraphs 123 through 129 above as if fully set forth herein.

138. Ms. Gordon was the "called party" within the meaning of Section 227(b)(1)(A) of the TCPA.

139. FRM violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Gordon's cellular telephone using an ATDS without Ms. Gordon's prior express consent or after such consent had been revoked.

140. FRM voluntarily placed telephone calls to Ms. Gordon's cellular telephone using an ATDS.

141. FRM willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Ms. Gordon's cellular telephone using an ATDS without Ms. Gordon's prior express consent or after such consent had been revoked.

## JURY DEMAND

142.  Each Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

143.  Each Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus a civil penalty of not less than three (3) times Plaintiff's actual damages, pursuant to Mich. Comp. Laws § 339.916.

c.  Judgment against Defendant for statutory damages pursuant to 47
U.S.C. § 227(b)(3) for each and every call Defendant made in
violation of the TCPA.

d.  An order enjoining Defendant from placing further telephone calls to
each Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

e.  For such other legal and/or equitable relief as the Court deems
appropriate.

RESPECTFULLY SUBMITTED,


Date: December 10, 2015           By:   /s/ David M. Menditto
                                  One of Plaintiffs' Attorneys

                                  David M. Menditto
                                  Hyslip & Taylor, LLC, LPA
                                  1100 W. Cermak Rd., Suite B410
                                  Chicago, IL 60608
                                  Telephone: 312-380-6110
                                  Facsimile: 312-361-3509
                                  Email: davidm@fairdebt411.com
                                  Illinois Bar No. 6216541